GERACE & CASTAGNA, INC., Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover for construction work in addition to that described in a contract which was publicly let to the low bidder, judgment entered on the verdict of a jury in favor of plaintiff reversed on the law and the facts, with costs, and the complaint dismissed, with costs. The implied findings are reversed. The verdict is not only against the weight of the evidence, but there is no evidence to support a finding that both parties intended and understood that the contract provisions would be waived or modified so that acceptance of the final warrant or check did not constitute a release of all claims. Under the proof in this record it must be held as a matter of law that the acceptance of the final payment was a release to the city. If this court had not dismissed the complaint, it would grant a new trial not only on the ground the verdict is against the weight of the evidence but also because it was error to take away from the jury the issue as to the fair and reasonable value of the extra work. Notwithstanding that the head of the department had agreed in writing to a price for the extra work, the comptroller had the power and the duty to pay no more than the reasonable value therefor. (Administrative Code of City of New York, §§ 93d–1.0, 343–5.0.) Nolan, P. J., Adel, MacCrate and Schmidt, JJ., concur; Beldock, J., concurs for reversal of the judgment, but dissents as to the dismissal of the complaint, and votes to grant a new trial, with the following memorandum: In my opinion, there was a fair question of fact, which was properly submitted to the jury, as to whether the parties intended the acceptance of the city check of November 25, 1947, to be a release. The check bore the legend

"less amt withheld on contract" and it is undisputed that the amount withheld by the city included the amount claimed for the extra work, which was then the subject of active negotiation between the parties. I agree with the majority that the comptroller had the power to revise downward the lump sum contract made by the commissioner of marine and aviation for the extra work. However, the trial court took the question of the reasonable value of the extra work away from the jury. In my opinion, this was error. A new trial should be had so that the reasonable value of the extra work may be determined.